# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

U.S. DEPARTMENT OF LABOR,
Elaine L. Chao, Secretary of Labor,

        Plaintiff,

and

UNITED MINE WORKS OF AMERICA,

        Intervenor,

   v.                                                  Civil Action No. 2:06 CV 8
                                                                  (Maxwell)

WOLF RUN MINING COMPANY, INC.

        Defendant.

## ORDER

Came the Defendant, on the 4th day of May, 2006, and filed with the Court Defendant's Motion to Compel, which motion seeks an Order compelling Plaintiff to provide the identification of the individuals who have designated the United Mine Workers of America (UMWA) as their representative. On May 18, 2006, Plaintiff filed Secretary of Labor's Response to Wolf Run's Motion to Compel Identity of Miners, and Intervenor also filed, on the same date, Response of United Mine Workers of America to Wolf Run's Motion to Compel. Defendant filed its Reply to Other Parties' Responses to Defendant's Motion to Compel on May 31, 2006, and June 7, 2006, the Plaintiff filed Secretary of Labor's Surreply. This matter is now fully briefed and ripe for the Court's consideration.

Looking more closely at Defendant's Motion to Compel, Defendant avers that it served upon Plaintiff Interrogatories and Request for Production of Documents. In particular, Defendant is seeking a Court Order compelling a full and complete response to Interrogatory No. 1 of Wolf Run's First Set of Interrogatories to Plaintiff and Request No. 1 of Wolfe Run's First Request for Production of Documents to Plaintiff. Interrogatory No. 1 of Wolf Run's First Set of Interrogatories states, "Please identify the miners employed by Wolf Run and working at the Sago mine who you claim, for purposes of this litigation, have designated the United Mine Workers of America to serve as their representative of miners pursuant to the Federal Mine Safety and Health Act." Plaintiff responded as follows:

> Objection. Pursuant to section 103(f) of the Mine Act, 30 U.S.C. §813(f), miners employed by Defendant made a valid and authentic designation of the UMWA as their miners' representative for purposes of MSHA's inspection and investigation of the Sago mine. After verifying the authenticity of the designation, MSHA honored their request for anonymity. Their identities need not be disclosed to Defendant. See the Preamble to the Secretary's regulations implementing section 103(f), at 43 Fed. Reg. 29509 (1979) (MSHA need not list the names of the designating miners). Since MSHA has verified the validity of the designation, the miners' identities do not assist the trier of fact in deciding the questions pending before the Court. Further, the Secretary objects to the form of the question. The Secretary makes no "claim, for purposes of this litigation." Rather, miners employed by Defendant made valid designations of representatives which the Secretary was required to recognize and she did so well prior to the initiation of this litigation.

Request No. 1 of Wolfe Run's First Request for Production of Documents states, "Please provide a complete and un-redacted copy of the documents(s) evidencing the designation of the United Mine Workers of America as a representative of miners under the Federal Mine Safety and Health Act ("Mine Act") for two or more miners employed

2

by Wolfe Run at the Sago mine, as required by 30 C.F.R. §40.3." Plaintiff responded as follows:

> Objection. A copy of a document evidencing the designation has previously been provided to Defendant. Another document which was executed by the miners is provided herewith. The identities of the miners making the designation are not required to be provided to Defendant. See the Preamble to the Secretary's regulations implementing section 103(f), at 43 Fed. Reg. 29509 (1979) (MSHA need not list the names of the designating miners).

In its Memorandum in Support of Defendant's Motion to Compel, Defendant argues that the designation of UMWA as representative of miners in this matter is invalid because it fails to identify the individuals who designated UMWA as their representative, thus making the issue of whether Plaintiff must identify the miners who designated UMWA critical. Defendant argues that it is entitled to the information revealing the identification of the anonymous miners based on the plain wording of the Mine Act and its implementing regulations and points specifically to the language of 30 C.F.R. §40.3 as stating that the Act requires a representative to provide a copy of the document evidencing designation to the mine operator. Defendant further disagrees with the Plaintiff's reliance on the preamble to the applicable regulation by citing the 10th Circuit's finding that the preamble "is not part of the regulations as published in the Code of Federal Regulations," Utah Power & Light Co. v. Secretary of Labor, 897 F.2d 447, 454 (1990), and that it is not the law. Defendant further argues that the relied upon preamble contradicts the plain language of the applicable regulation.

Defendant further argues that it is entitled to information identifying the anonymous miners in response to discovery requests under the federal rules of discovery. Specifically, Defendant cites to Rule 26 of the Federal Rules of Civil

Procedure stating that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Defendant argues that the identification of the anonymous miners is relevant to the issue of whether the designation of UMWA as a representative of miners is valid, and that, at the very least, identification of the anonymous miners could lead to admissible evidence.

Looking to the United States Code that governs this issue, the Court notes that 30 U.S.C. §813(f) states, "subject to regulations issued by the Secretary, a representative of the operator and a representative authorized by his miners shall be given an opportunity to accompany the Secretary or his authorized representative during the physical inspection of any coal or other mine...." Turning next to the regulations, 30 C.F.R. §40.1 defines representative of miners as "any person or organization which represents 2 or more miners at a coal mine for the purposes of the act." 30 C.F.R. §40.2 sets forth that a representative of miners must file the information required by §40.3 with the MSHA district manager and provide a copy to the mine operator. 30 C.F.R. §40.3(a) sets forth seven paragraphs of information that is required to be filed by a representative of miners, and they read as follows:

> (1) The name, address, and telephone number of the representative of miners. If the representative is an organization, the name, address, and telephone number of the organization and the title of the official or position, who is to serve as the representative and his or her telephone number.
>
> (2) The name and address of the operator of the mine where the represented miners work and the name, address, and Mine Safety and Health Administration identification number, if known, of the mine.

(3) A copy of the document evidencing the designation of the representative of miners.

(4) A statement that the person or position named as the representative of miners is the representative for all purposes of the act; or if the representative's authority is limited, a statement of the limitation.

(5) The names, addresses, and telephone numbers, of any representative to serve in his absence.

(6) A statement that copies of all information filed pursuant to this section have been delivered to the operator of the affected mine, prior to or concurrently with the filing of this statement.

(7) A statement certifying that all information filed is true and correct followed by the signature of the representative of miners.

In particular, interpretation of subsection (3) is important for the issue presently pending before the Court. The Secretary interprets subsection (3) as not requiring the identity of the miners making a designation. Defendant disagrees and argues that subsection (3) does require the identity of such miners to be disclosed. The Secretary supports her position and interpretation by relying on a preamble to the regulations, 43 FR 29509, which provides as follows:

> The document evidencing the designation of the representative of miners required to be filed by §40.3 and posted by 40.4 does not necessarily have to list the names of the miners who are being represented. The signed document may simply state that representative of miners does in fact represent 2 or more miners for a particular purpose. Where disputes arise, MSHA may require further evidence of representation.

While the Court agrees with Defendant that the preamble is not law in that it is not an actual part of the Code of Federal Regulations, the Court does find that the preamble is significant indication of intent in the drafting of regulations and that it is

5

persuasive authority.  The Court also finds that the Secretary's interpretation of regulations drafted by her agency is entitled to deference.  See District Memorial Hospital of Southwestern North Carolina, Inc. v. Thompson, 364 F.3d 513, 517, (4th Cir. 2004) (substantial deference is given to an agency's interpretation of its own regulations).  The Fourth Circuit further stated in the District Memorial Hospital case that the agency's interpretation *must* be given controlling weight unless it is plainly erroneous or inconsistent with the regulation.  364 F.3d at 517.  Further, the agency's interpretation does not have to be the best or most natural one, but only a reasonable interpretation of the regulation.  Id.

Upon careful consideration of the language in 30 C.F.R. §40.3(a)(3), which reads, "a copy of the document evidencing the designation of the representative of miners," the Court does not find the Secretary's interpretation that identity of the miners making the designation may be kept confidential to be plainly erroneous or inconsistent with the regulation.  The regulation requires a copy of a document evidencing designation, but does not necessarily require that the evidencing document reveal the names or identifies of the miners making the designation.  The preamble specifically sets forth that the document evidencing designation does not necessarily have to list the names of the miners being represented and states that the document "may simply state that the representative of miners does in fact represent two or more miners for a particular purpose."  43 Fed. Reg. 290509.  As the Secretary's interpretation of her own agency's regulation must be given controlling weight, and as that interpretation is not inconsistent with the plain language of the regulation, the Court, accordingly, must find that the identity of the miners making a designation of a representative of miners is not required by the applicable regulation in the instant matter.

The Court does not address at this time whether a document sufficient to evidence the designation of the representative of miners, as set forth in 30 C.F.R. §40.3(a)(3) and interpreted by the aforementioned preamble, accompanied the §40.3(a) information filed by UMWA in the instant matter, but only finds that such a document need not identify the designating miners. Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Compel, filed on May 4, 2006, shall be, and the same hereby is, **DENIED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**Enter:** August  23rd , 2006

                                                  **/s/ Robert E. Maxwell**
                                                    United States District Judge